758 So.2d 549 (2000)
J & J MARINE, INC.
v.
BAY & OCEAN EQUIPMENT CO., INC.
1980617 and 1980867.
Supreme Court of Alabama.
January 7, 2000.
Richard W. Fuquay and Kathy P. Sherman of Pittman, Pittman, Carwie & Fuquay, Mobile, for appellant.
Jeffrey J. Hartley of Adams & Reese, L.L.P., Mobile, for appellee.
BROWN, Justice.
On December 31, 1997, the plaintiff, named "Bay & Ocean Equipment Co., *550 Inc." (hereinafter "Bay"), entered into a vessel-construction contract with J & J Marine, Inc. ("J & J"). According to the terms of the contract, J & J would deliver to Bay a custom-built towing vessel on or before March 4, 1998,[1] and Bay would pay the sum of $633,428[2] upon delivery and acceptance of the vessel. The contract contained the following arbitration provision:
"All disputes, controversies or differences which may arise between the Builder and Owner out of or in relation to or in connection with this contract, or for the breach thereof, shall be finally settled by arbitration pursuant to the American Arbitration Association by which each party hereto is bound. It is mutually agreed that Mobile, Alabama, be and it hereby is designated as the place for conducting any such arbitration."
During the course of construction, J & J incurred additional costs because of "addons" and change orders; the additional costs increased the price of the vessel to more than $700,000. A dispute arose over the increased price and J & J's failure to complete and deliver the vessel in a timely manner. The parties were unable to resolve the dispute. J & J, by written correspondence, threatened to sell the vessel to a third party.
On August 20, 1998, Bay sued J & J for injunctive relief, and specific performance, or, alternatively, for damages for breach of contract. The trial court entered a temporary restraining order prohibiting J & J from selling or otherwise transferring ownership of the vessel.
After a hearing on the matter, the trial court, on September 24, 1998, entered a preliminary injunction. The trial court's written order stated, in pertinent part:
"1. Defendant J & J Marine, Inc., shall forthwith cease and desist from transferring, conveying, or moving from its possession, disposing of, or concealing the subject vessel, the M/V Caribbean Lady;

"2. Plaintiff Bay & Ocean Equipment Co., Inc. shall, within 30 days of the date of this order, pay J & J Marine, Inc., in full for the subject vessel or provide absolute proof that it will pay J & J Marine, Inc. in full upon delivery of the vessel.
"3. Defendant J & J Marine, Inc. shall, upon receipt of said assurance regarding the payment of the amounts owed, conduct reasonable sea trials on the vessel with representatives of Bay & Ocean Equipment Co., Inc., in attendance, which trials shall last for a reasonable time under the circumstances, but not to exceed three (3) hours;
"4. Pursuant to Rule 65(c), [Ala. R.Civ.P.,] Plaintiff is hereby ordered to post a bond in the amount of $2500.00.

"It is further DECREED that said preliminary injunction shall continue only for thirty (30) days from the date thereof, at which time it will automatically dissolve unless specifically extended by order of this Court, it being the Court's intention to provide this injunction only for a sufficient time for the parties to carry out the above-described actions. Upon the expiration of this period *551 or the delivery of the vessel, whichever occurs first, this matter shall be referred to binding arbitration as provided for and agreed to by the parties in the Vessel Construction Contract which underlies this action."
Bay moved to alter or amend the order, arguing that it did not accurately reflect the ruling the trial court had made from the bench at the hearing on the request for a preliminary injunction. Specifically, Bay argued that the trial court had orally ordered Bay to provide "reasonable proof' of financial ability rather than "absolute proof" as required by the written order. J & J, at the trial judge's direction, had drafted the order for the judge to sign. J & J argued that the order was drafted pursuant to the express instructions of the trial court.[3]
The trial court amended its order on November 9, 1998, to include the following provisions:
"1. The Motion to Alter or Amend Order filed by Bay & Ocean ... is GRANTED and the September 24, 1998 order of this Court is altered and amended to provide that:
". . . .
"(b) Bay & Ocean Equipment Co., Inc. shall provide reasonable proof to J & J Marine, Inc. that it has the financial ability to consummate the purchase of the vessel by paying Defendant the sum of Six Hundred Thirty-three Thousand Four Hundred Twenty-eight and No/ 100 Dollars ($633,428.00) as provided for in that certain Vessel Construction Contract entered into between the parties on December 31, 1997. Confirmation in the form of correspondence from a state or national banking institution indicating that Bay & Ocean has available credit to consummate the purchase shall be considered reasonable proof.
". . . .
"2. It is further ORDERED AND DECREED that said preliminary injunction shall continue for thirty (30) days from the date thereof at which time it will automatically dissolve unless specifically extended by order of this Court. It being the Court's intention to provide this injunction only for a sufficient time for the parties to carry out sea trials of the vessel and to allow Bay & Ocean Equipment Co., Inc. to pay J & J Marine, Inc. the sum of $633,428.00 and take delivery or possession of the vessel. Should Bay & Ocean Equipment Co., Inc. accept delivery and pay J & J Marine, Inc. the sum of $633,428.00, both parties' rights are reserved and all future disputes concerning the vessel and cost of change orders, deletions, and additions shall be subject to arbitration as provided under the Vessel Construction Contract dated December 31, 1997, which was agreed to and signed by the parties."
(Emphasis added.)
J & J moved to vacate the amended order, arguing that the trial court had delved into matters that were beyond the scope of injunctive relief and had decided issues that were subject to arbitration. The trial court denied the motion to vacate. J & J appealed from the order denying that motion (appeal no. 1980617).
On that appeal, J & J argues that the trial court's amended order is due to be reversed because, J & J says, the order goes to the underlying contractual dispute, i.e., the price of the vessel, which J & J says is subject to the arbitration clause contained in the parties' contract. Bay agrees that the trial court erred and that the amended order should be reversed. We also agree.
*552 J & J sought to invoke the arbitration provision in its first filing with the trial court and in all subsequent filings. Under the Federal Arbitration Act ("FAA"), "[a] written provision in ... a contract evidencing a transaction involving [interstate] commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Neither party has alleged that the transaction out of which the contract arosethe building of the vesseldid not involve interstate commerce. See Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995) (holding that all arbitration provisions dealing with transactions involving interstate commerce are subject to the FAA). In fact, both parties stipulated at the preliminary-injunction hearing that their dispute was due to be arbitrated.
The only issue before the trial court was a request for injunctive relief seeking to block J & J from selling the M/V Caribbean Lady. However, the trial court's amended order goes beyond the requested injunctive relief and directs Bay to provide "reasonable proof" that it will pay J & J $633,428 and further directs J & J to deliver the vessel to Bay for payment in full. This appears to address the merits of the underlying contractual disputes, which are clearly subject to arbitration. Because the arbitration agreement is enforceable under general principles of Alabama law, the trial court must stay proceedings in the case and refer the matter to arbitration. Accordingly, the trial court's order is reversed.
In case no. 1980867, J & J appeals from the trial court's partial summary judgment entered in favor of Bay. On November 25, 1998, Bay moved for a partial summary judgment. In its motion, Bay argued that it had provided proof of financing, as required by the trial court's amended order, and that J & J had failed to tender the vessel. Bay asked the trial court to order J & J to deliver the vessel and to execute a bill of sale to Bay for the "outstanding balance of the purchase price as provided in the Vessel Contract." J & J moved to stay the proceedings pending arbitration. The trial court granted Bay's motion for a partial summary judgment, stating in its order:
"J & J Marine, Inc., ... shall execute, on or before January 8, 1999, a bill of sale acceptable to Bay & Ocean, transferring to Bay & Ocean the tugboat, M/V Caribbean Lady, Official No. 1066923, free and clear of all liens, claims and encumbrances, for the sum of $633,428.00 and immediately after payment of same tender possession of the vessel to Bay & Ocean."
On appeal from the partial summary judgment, J & J claims that the trial court erred in establishing a sum certain payment of which would trigger J & J's obligation to deliver the M/V Caribbean Lady to Bay, free and clear of all liens, claims, and encumbrances. J & J argues that this ruling goes to the merits of the underlying contractual disputes, which it says are subject to the arbitration clause contained in the parties' contract. Bay agrees that the trial court's order is due to be reversed.
This Court has held that "trial courts are required to stay or dismiss proceedings and to compel arbitration when it is shown the parties to a lawsuit have entered into a valid contract containing an arbitration agreement." SouthTrust Securities, Inc. v. McClellan, 730 So.2d 620, 622 (Ala.1999). See also 9 U.S.C. § 3.
We agree that the underlying disputes between these parties fall within the scope of the arbitration clause. Thus, the trial court erred in entering the partial summary judgment. That partial summary judgment is reversed.
The case is remanded with instructions to stay further proceedings pending arbitration.
*553 1980617REVERSED AND REMANDED.
1980867REVERSED AND REMANDED.
MADDOX, HOUSTON, COOK, SEE, LYONS, and ENGLAND, JJ., concur.
JOHNSTONE, J., concurs specially.
JOHNSTONE, Justice (concurring specially).
I concur. In its brief the appellee expressly agrees with the appellant that both rulings by the trial court should be reversed and that the cause should be remanded for arbitration.
NOTES
[1] The contract contained the following provision:

"Builder shall use its best efforts to deliver the vessel on or before March 4, 1998; provided, however, that Builder will not be responsible for any delay caused by the Owner or in case of the occurrence of any cause of delay beyond the control of the Builder, including, but not limited to, the following: government priorities or intervention by or delays caused by civil, naval, or military authorities; governmental regulations or orders; Acts of God; earthquakes; explosions; lightning; flood; conditions of weather; fire; strikes; or other industrial disturbances; riots; insurrections of [sic] war; sabotage; vandalism; blockades; embargoes; or epidemics."
[2] The original contract price of the vessel was $673,428. A $40,000 credit was applied to the purchase price; that left a balance of $633,428.
[3] Included in the record is a letter from the trial court to J & J's counsel, wherein the trial court made the following statement:

"I stated in open Court, that the Plaintiff Bay & Ocean Equipment Co., Inc. had 30 days in which to either pay J & J Marine, Inc. in full or to have absolute proof that J & J Marine, Inc., would be paid in full."